UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

Chardan Capital Markets, LLC,

                      Plaintiff,

       -against-

OSR Holdings, Inc. and Kuk Hyoun Hwang a/k/a Peter
Hwang,

                     Defendants.

------------------------------------------------------------------------X

1:25-cv-07285-SHS

**CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER**

This Confidentiality Stipulation and Protective Order ("Stipulation") is entered into by and among the parties to this action ("Action"), by and through their respective counsel. The parties anticipate that discovery and other disclosures in this action will involve the production of documents, electronically stored information, deposition testimony, and other materials containing trade secrets, confidential business information, non-public financial data, and other proprietary or sensitive information. The public disclosure of such information could cause competitive or financial harm. Accordingly, for good cause shown and pursuant to Federal Rule of Civil Procedure 26(c) and applicable law, the parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, discovery in this action is likely to involve the production of documents, electronically stored information, testimony, and other materials containing confidential, proprietary, commercially sensitive, private, or privileged information;

WHEREAS, the Parties seek to facilitate the efficient exchange of discovery materials while ensuring appropriate protections against unauthorized use or disclosure;

WHEREAS, good cause exists under Federal Rule of Civil Procedure 26(c) for the entry of this Stipulation;

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to all information and documents produced, served, filed, or otherwise exchanged by the parties or any non-parties in connection with discovery and other pre-trial proceedings in this action:

     1.     Definitions of Confidentiality Designations.

1

"Confidential Information" means any document, electronically stored information, deposition testimony, interrogatory response, admission, or other discovery material that contains non-public information that the producing party reasonably and in good faith believes constitutes trade secrets, confidential business information, non-public financial information, or other proprietary or commercially sensitive information, the disclosure of which would create a substantial risk of competitive or financial harm. Confidential Information does **not** include information that is publicly available or becomes publicly available through no violation of this Stipulation, or information that the receiving party can demonstrate was lawfully obtained from a source independent of discovery in this action. Information and documents designated by a party or non-party as Confidential Information shall be stamped or otherwise clearly marked "CONFIDENTIAL" at the time of production or as otherwise provided in this Stipulation.

2.      Use of Protected Material.

Confidential Information shall be used solely for purposes of the prosecution, defense, or settlement of this Action, and not for any business, competitive or commercial purpose. Nothing contained in this Stipulation, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Stipulation limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

3.      Challenges to Designations.

If the Parties are unable to resolve the dispute informally, the challenging party may, at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with the Court's Individual Rules of Practice. The designating person shall bear the burden of establishing that the material at issue is properly designated under this Stipulation. Until the Court rules on any such motion, the material at issue shall continue to be treated as designated.

4. Additional Limits on Disclosure.

Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with the Court's Individual Rules of Practice.

5.      Access to Confidential Information.

(a) Unless otherwise ordered by the Court or permitted in writing by the producing person, Confidential Information may be disclosed only to the following persons:

2

(i)    the Court and its personnel (including any mediator, special master, or settlement officer, and their staff), and any appellate court in this Action;

(ii)    outside counsel of record for the parties in this Action, and attorneys, paralegals, and other employees or contractors of such counsel who are assisting in the conduct of this Action;

(iii)    in-house counsel for the parties, and their legal staff, who have responsibility for managing or overseeing this Action;

(iv)    officers, directors, and employees of a party, including its insurers, to the extent counsel for that party reasonably deems such disclosure necessary for the prosecution, defense, or settlement of this Action;

(v)    consultants and experts (including their employees and support personnel) retained or consulted by any party or its counsel in connection with this Action, to the extent reasonably necessary for such consultants or experts to render services in this Action;

(vi)    vendors and service providers (and their employees) who provide litigation-support services in connection with this Action (including, without limitation, photocopying, imaging, scanning, document management, hosting, and trial-presentation services);

(vii)    court reporters, stenographers, videographers, and their staff engaged to record, transcribe, or facilitate depositions, hearings, or other proceedings in this Action;

(viii)    any witness, potential witness, deponent, or person reasonably believed by counsel to be a person from whom testimony is or may be sought in this Action, to the extent reasonably necessary for the conduct of examinations, interviews, or preparation for testimony, provided that such disclosure is made under circumstances that maintain the confidentiality of the information;

(ix)    the author, addressee, or a recipient of the document, or any other person who otherwise possessed or knew the information prior to its production in this Action; and

(x)    any other person as to whom the producing person consents in writing or as the Court may otherwise order.

5.    Obligations of Persons Receiving Confidential Information.

(a) Prior to disclosing or displaying any Confidential Information to any person authorized to receive it under Paragraph 4 (other than the Court and its personnel, court

3

reporters, or professional vendors who are already bound by confidentiality obligations), counsel must:

      (i)     inform the person of the confidential nature of the material to be disclosed;

      (ii)    inform the person of the restrictions under this Stipulation; and

      (iii)   require each such person (to the extent this Stipulation requires that person to execute Exhibit A) to sign an agreement to be bound by this Order in the form attached as Exhibit A and retain the executed copy in counsel's files.

6.      Inadvertent Failure to Designate.

The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Material. Upon learning of an inadvertent failure to designate, the producing person may provide written notice of the appropriate designation and, upon receiving such notice, the receiving parties shall thereafter treat the material as so designated and shall make reasonable efforts to retrieve any previously disclosed, undesignated copies from persons not entitled to receive the material under this Stipulation.

7.      Personally Identifying Information.

Any Personally Identifying Information ("PII") (*e.g.,* social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Stipulation in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

8.      Privileged Material / Rule 502.

(a) Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or other information ("Privileged Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any applicable privilege or protection from discovery in this case or in any other federal or state proceeding.

    (i) If a producing person discovers that Privileged Material has been produced, it shall promptly notify the receiving parties in writing, identifying the material and the basis for the privilege claim with sufficient specificity to enable the receiving parties to assess that claim. Upon receipt of such notice, the receiving parties shall, to the extent not already done, promptly sequester, return, or destroy all copies of

4

the identified material and shall make reasonable efforts to retrieve it from any person to whom the receiving parties have disclosed it. The receiving parties shall not use or disclose the material for any purpose until the claim of privilege is resolved.

(ii) If a receiving party wishes to challenge a claim that material is Privileged Material, it shall do so in writing within a reasonable time after receiving notice, and the parties shall meet and confer in good faith to attempt to resolve the dispute. If the dispute cannot be resolved, the receiving party may seek a ruling from the Court, but shall not, pending resolution by the Court, use or disclose the material in any way inconsistent with the requested clawback.

9.    Filing Under Seal.

Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10.    Return or Destruction of Material.

This Stipulation shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

11.    Compelled Disclosure and Subpoenas.

Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. Additional Provisions.

(a) Nothing in this Stipulation shall be construed to waive any objection to the production or admissibility of any document, information, or testimony, or to limit or modify any rights, claims, defenses, or privileges of any party or non-party.

(b) This Stipulation shall survive the final disposition of this Action, and the Court shall retain jurisdiction, even after final judgment, to enforce and, if appropriate, modify the terms of this Stipulation and to adjudicate any dispute arising under it.

(c) This Stipulation may be amended, modified, or vacated only by written stipulation of the parties approved by the Court, or by subsequent order of the Court for good cause shown.

[Remainder of page intentionally left blank]

5

**SO STIPULATED AND AGREED.**

Dated: February 18, 2026

Respectfully submitted, by the undersigned counsel, each of whom represents that he or she is duly authorized to execute this Stipulation on behalf of the party or parties represented.

_____/s/_____

Julie E. Kamps, Esq.
Counsel for Plaintiff

*Erika M. Calderon*

Erika M. Calderon, Esq.
Counsel for Defendant(s)

## [PROPOSED] ORDER

The Court finds that good cause exists for the issuance of this Confidentiality Stipulation and Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Discovery in this action is likely to involve the disclosure of trade secrets, confidential business information, and non-public financial data, the public disclosure of which could cause competitive or financial harm to the producing parties. This Order is narrowly tailored to protect such information while permitting the fair and efficient conduct of discovery and preserving the public's interest in access to judicial proceedings. *This Order may be amended for good cause shown.*

Nothing in this Order shall be construed to permit the filing of confidential material under seal absent compliance with this Court's Individual Practices.

SO ORDERED.

Dated: New York, New York
February 19, 2026

HON. SIDNEY H. STEIN
United States District Judge

6

**Exhibit A**

Agreement to Be Bound by Confidentiality Stipulation and Order

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled, No. 1:25-cv-07285-SHS (S.D.N.Y.) (the "Action"), have been designated as "CONFIDENTIAL" pursuant to a Confidentiality Stipulation and Order (the "Order") entered in the Action. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby acknowledge that I have read the Order, that I understand its terms, and that I agree to be bound by its terms, including the restrictions on use and disclosure of documents and information designated thereunder as "CONFIDENTIAL." I agree that I will not disclose any such information to any other person, except as permitted under the Order, and that I will not use any such information for any purpose other than in connection with the Action. I further agree that, upon completion of my involvement in the Action, I will return or destroy any such materials in my possession as required by the Order. I consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order and this Agreement, even if such enforcement proceedings occur after termination of the Action.

DATED:

_____.

Signed in the presence of:

_____.

(Attorney)

7